UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| LISETTE G. PELLETIER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:10-cv-00438-DBH |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | ) ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Lisette G. Pelletier seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under Title II and Title XVI of the Social Security Act. The Commissioner opposes the motion, arguing that the application seeks payment for an excessive number of hours. I recommend that the application be granted, but that the award be reduced to $5,477.50.

## LEGAL STANDARD

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified":

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has explained that a fee-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. This boils down to a burden of showing that its position was "justified in substance or in the main," as in justified "to a degree that could satisfy a reasonable person." Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

The calculation of an EAJA fee award is ordinarily based on the familiar loadstar method. The court determines the number of hours reasonably expended on the matter and multiplies that figure by a reasonable hourly rate. This analysis allows adjustments to be made for unreasonable and unproductive attorney time and for excessive hourly rates. A fee-shifting award under the EAJA is also appropriately reduced to account for the prevailing party's relative degree of success. A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-79 (1st Cir. 1989).

## DISCUSSION

Pelletier's application requests roughly $9,000. (Mot. for Award of Attorney's Fees, Doc. No. 20.) The Commissioner does not contest Pelletier's assertion of prevailing party status. Nor does the Commissioner contend that his Administration was substantially justified in proceeding as it did. Nor does the Commissioner challenge the hourly rate of $175. Instead, the Commissioner challenges the fee application as presenting excessive hours of attorney time. If an award does issue, the Commissioner requests that it be substantially reduced. The Commissioner offers an analysis that would cut the dollar amount of the application by more than half. (Opposition Mem., Doc. No. 24.) In reply, and in light of certain of the

Commissioner's arguments, Pelletier compromises her application to request $7,120.59. (Reply Mem., Ex. A, Doc. No. 25.) My recommendation turns on the following considerations.

**A.     Work before the administrative agency**

The original application includes 4.5 hours of time expended while the case was still before the Decision Review Board. Pelletier concedes that this time does not fall within the scope of an EAJA award. The first three billing entries, which total 4.5 hours, are stricken.

**B.     Travel time, mileage, and meals for attendance at oral argument**

The Commissioner maintains that Pelletier's application should not include travel time or mileage for oral argument because the undersigned permits counsel to appear telephonically for oral argument in social security appeals. Pelletier's counsel disagrees and maintains that it was reasonable to appear in person for oral argument. In his view, he is a more effective advocate in person. This is a reasonable perspective, as is the perspective of other counsel who believe they are equally as effective when they appear by phone.

The Court should allow a fee-shifting award for travel to oral argument, but the full billing rate is not appropriate for travel time. Pelletier's counsel recognizes this and suggests that the hourly rate be cut in half for eight hours. Pelletier's original application indicates a total of ten hours for September 12, 2011, the day of oral argument.

I recommend that the billing for September 12, 2011, be adjusted to allow for one hour for oral argument and preparation (the argument was roughly one-half hour) at the full rate and seven (not eight) hours of travel from Van Buren to Bangor and back at one-half the otherwise applicable rate. The remaining two hours in counsel's entry for September 12 should not be compensated. Because this recommendation already calls for a fee-shifting award of over $600 for travel, I recommend that mileage and meals not be compensated.

## C. Clerical tasks

The Commissioner objects to a fee-shifting award at attorney rates for the performance of clerical tasks such as complaint preparation, filing, payment of the filing fee, and similar tasks. The Commissioner asserts that this applies to 3.2 hours of effort. Pelletier's counsel objects that his office is not specialized in social security cases and that these tasks, therefore, could not be delegated to an office administrator. Under the circumstances, it appears reasonable that counsel himself performed these tasks. Nevertheless, these tasks do not require attorney expertise and, consequently, it is fair for the Commissioner to object to payment at the full hourly rate for such tasks. The complaints and associated filings in these matters are boilerplate and, unlike the statement of errors, it does not take legal analysis to prepare or submit them.

There are several billing entries that would appear, in fairness, to be implicated by this objection, not necessarily limited to those entries specifically identified by the Commissioner. The Court should sustain the Commissioner's objection over 3.2 hours and reduce the award for this time by half.

## D. Possible repeated and unnecessary effort

Finally, the Commissioner objects to the billings for December 22, 2010, February 14-22, 2011, and September 9, 2011, because there is an appearance of excessive file review. The Commissioner believes that these entries are excessive in light of counsel's familiarity with this case. The Commissioner also believes that roughly 25 hours to brief and argue are "generally excessive" given the issues involved in the case. (Doc. No. 24 at 7.) The Commissioner requests a substantial reduction to 9.3 hours, which allegedly mirrors the billings for research, review, and drafting in Pelletier's earlier successful appeal. Pelletier says this is unfair because the instant appeal involved more complex issues and a larger record.

Based on my familiarity with the statement of errors, the administrative record, and the grounds for remand, I agree with the Commissioner that the award should be further reduced for excessive time expenditures, though not as substantially as the Commissioner proposes. I also note that not every contention in Pelletier's statement of errors was material to the remand order. For the 25 hours associated with this final objection, I recommend a 5-hour reduction.

**E.     A lodestar calculation**

As modified, the total allowed time at the $175 rate would be 26.2 hours. The additional award for travel time and the performance of paralegal/administrative tasks would be 10.2 hours at $87.50.

### CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Plaintiff's Motion for Award of Attorney Fees (Doc. No. 20) in the amount of $5,477.50. Plaintiff's Bill of Costs (Doc. No. 21) will be reviewed by the Clerk.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 10, 2011

5